Gregory Patton, Esq., AZ SBN 023398; CA SBN 128090
Holly Mosier, Esq., AZ SBN 024475; CA SBN 176488
1 East Washington Street, Suite 500
Phoenix, AZ  85004
Tel:   602.533.2800
Email: gregpattonlaw@gmail.com
Email: hollymosier@gmail.com


GIRARD GIBBS LLP
Eric Gibbs, Esq., CA SBN 178658 (*pro hac vice* to be submitted)
Michael Schrag, Esq., CA SBN 185832 (*pro hac vice* to be submitted)
Phyra McCandless, Esq.  CA SBN 260021 (*pro hac vice* to be submitted)
One Kaiser Plaza, Suite 1125
Oakland, CA  94612
Tel:  510.350.9710
Email:  ehg@classlawgroup.com
Email:  mls@classlawgroup.com
Email:  pmm@classlawgroup.com

Attorneys for Plaintiff,
STEVEN COOPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Steven Harold Cooper, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE** |
| v. | |
| United States Of America, and Does 1 through 10, inclusive | |
| Defendants. | |

1

Plaintiff, STEVEN COOPER, alleges as follows:

## GENERAL ALLEGATIONS

1. This action arises under the Federal Tort Claims Act of 1948, 62 Stat. 982, 28 U.S.C. 1346(b), 2671, et seq.

2. Pursuant to 28 U.S.C. 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, the Plaintiff, STEVEN COOPER, is bringing this suit based upon the rendering of improper medical services including, but not limited to, the denial of access to medical care, then the failure to provide appropriate, timely, and competent medical care, at the Carl T. Hayden VA Medical Center in Phoenix, Arizona. Therefore, venue is proper in the District of Arizona.

3. A tort claim for damages for personal injury was filed on behalf of STEVEN COOPER, pursuant to 28 U.S.C 2401 and 28 U.S.C 2671 through 2680. This Tort Claim arose from acts and omissions that occurred at the Carl T. Hayden VA Medical Center (VAMC), Phoenix, Arizona, when STEVEN COOPER, a decorated veteran who served nearly 18 years in the United States Army, was repeatedly denied access to medical care at the VAMC, then provided with negligent medical care resulting in the delayed diagnosis and treatment of prostate cancer.

4. The Department of Veterans Affairs denied the claim on May 21, 2015.

5. At all times mentioned herein, Plaintiff was a resident of Maricopa County, Arizona.

6. Carl T. Hayden VA Medical Center, its physicians, nurses, employees, agents, and representatives, were at all times material hereto acting as agents and employees of Defendant, the United States of America, and were

COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE

within the course and scope of their agency and employment with Defendant, the United States of America.

7. Defendant is liable for the negligent acts and omissions of its employees, agents, and representatives acting within the course and scope of their employment and agency under the doctrine of respondeat superior.

## FACTUAL BACKGROUND

8. STEVEN COOPER, 44, previously a business owner and college professor, served nearly 18 years in the United States Army from 1989 to 2007, when he was honorably discharged. MR. COOPER'S years of service were comprised of approximately nine years in active service, interspersed with service in the National Guard and Army Reserves.

9. Following his honorable discharge from the United States Army, MR. COOPER developed health problems. He repeatedly contacted the VAMC seeking an appointment to be evaluated by a physician. Because of various and systemic problems with the VA system, the VAMC continuously denied MR. COOPER access to healthcare. For example, if MR. COOPER was able to obtain an appointment, the VAMC would schedule the appointment for months later, then, many times, cancel the appointment forcing him to attempt to reschedule. Between June 2011 and December 2011, MR. COOPER repeatedly called and visited the VAMC to schedule an appointment with a primary care physician, but was told there were no appointments available and that the VAMC would contact him when an appointment with a primary care physician became available.

10. MR. COOPER was finally seen by the VAMC on December 17, 2011, not by a physician, but by Shirlee Helton, a nurse practitioner. At that appointment, Nurse Helton failed to properly examine, evaluate, diagnose, and treat MR. COOPER. She performed a digital rectal exam and found that MR. COOPER had an "asymmetrical [prostate] with left lobe slightly larger than right . . . ." She did not, however, order any further testing, or refer MR. COOPER to a

urologist, or schedule any follow-up appointments for MR. COOPER, despite the abnormal prostate exam result. In fact, Nurse Helton specifically told MR. COOPER that there was nothing he could or should do about his abnormal prostate exam results.

11. Over the next year, MR. COOPER continued to seek medical care from the VAMC for the signs and symptoms for which he had seen Nurse Helton, which were worsening. Finally, in December 2012, a VAMC doctor ordered a prostate-specific antigen (PSA) test, the results of which were highly abnormal. Therefore, a biopsy of MR. COOPER'S prostate was ordered. MR. COOPER had the biopsy performed at the VAMC on December 14, 2012.

12. On December 21, 2012, MR. COOPER was seen at the VAMC by Dr. Theodore Mobley. Dr. Mobley informed MR. COOPER that MR. COOPER now had advanced prostate cancer, stage four, and that it was incurable and terminal. Dr. Mobley then advised MR. COOPER to seek hospice care.

13. Instead, that same day, MR. COOPER went to a private physician outside of the VA healthcare system. That physician immediately ordered tests, and then scheduled MR. COOPER for a radical prostatectomy three weeks later, which was carried out. In spite of the radical surgery, MR. COOPER is now terminally ill. Because of the radical surgical procedure necessitated by the delay in diagnosis and treatment, MR. COOPER also suffered severe and permanent injuries, including incontinence, nerve damage, neuropathy, pain, osteopenia, hip and pelvic fractures, gynecomastia, impotence, and weakness, among other debilitating problems.

14. Had the VAMC properly seen, evaluated, diagnosed, and treated MR. COOPER when he initially sought appointments for his signs and symptoms, MR. COOPER's disease would have been curable. Further, MR. COOPER would not have had to undergo radical surgery with its attendant risks, complications, and resulting permanent injuries, pain and suffering, and lost wages.

COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE

# FIRST CAUSE OF ACTION

(Medical Negligence)

15. MR. COOPER incorporates by reference paragraphs 1 through 14, above.

16. Defendant undertook and contracted to provide medical care and treatment to MR. COOPER, and there was a patient/physician relationship between them. MR. COOPER relied upon Defendant to provide appropriate and timely examination, evaluation, diagnosis and medical treatment, and other medical services.

17. Defendant failed to provide MR. COOPER with appropriate and timely examinations, evaluation, diagnosis and medical treatment, and other necessary medical services by, among other things, delaying setting appointments, canceling appointments, failing to thoroughly exam and evaluate MR. COOPER's signs and symptoms when he was finally seen, failing to set follow-up appointments, and failing to timely diagnose MR. COOPER with prostate cancer, among other things. Defendant's treatment of MR. COOPER was below the applicable standard of care.

18. As a direct and legal result of the Defendant's negligence, and failure to meet the appropriate standard of care, MR. COOPER has suffered injuries, damages, and irreparable harm, as set forth above, entitling MR. COOPER to an award for general and special damages in an amount to be determined at trial.

19. As a further direct and legal result of the acts and omissions of the Defendant, MR. COOPER was compelled to and did employ the services of physicians, surgeons, nurses, and other health care professionals, to handle and care for MR. COOPER's treatment, and did incur related expenses. MR. COOPER will incur additional medical health care expenses in the future.

20. As a further direct and legal result of the acts and omissions of the Defendant, MR. COOPER suffered past and future loss of earnings in an amount

COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE

1  to be determined at time of trial.

2        WHEREFORE, MR. COOPER prays for judgment against Defendant, as
3  follows:

    1.    For past and future general damages according to proof;

    2.    For past and future special damages to be incurred according to proof;

    3.    For other expenses to be proven at time of trial;

    4.    For costs of suit and reasonable attorney's fees incurred herein; and

    5.    For such other and further relief as the Court may deem just and proper.

October 26, 2015

                      By:   */s/ Gregory Patton*
                                Gregory Patton, Esq.
                                Holly Mosier, Esq.
                                1 East Washington Street, Ste. 500
                                Phoenix, AZ  85004
                                Tel:   602.533.2800

                                GIRARD GIBBS LLP
                                Eric Gibbs, Esq.
                                Michael Schrag, Esq.
                                Phyra McCandless, Esq.
                                One Kaiser Plaza, Ste. 1125
                                Oakland, CA  94612
                                Tel:  510.350.9710

                                Attorneys for Plaintiff,
                                STEVEN COOPER

COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE